Amir M. Nassihi (SBN: 235936)
anassihi@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Telephone: 415-544-1900
Facsimile: 415-391-0281

Attorneys for Defendant
sanofi-aventis U.S. LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY JOHNSON,<br><br>     Plaintiff,<br><br>     v.<br><br>SANOFI S.A.; AVENTIS PHARMA S.A.; SANOFI-AVENTIS U.S. LLC, and MCKESSON CORPORATION;<br><br>     Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL BY DEFENDANT SANOFI-AVENTIS U.S. LLC<br>UNDER 28 U.S.C. §§ 1332, 1441, AND 1446.**<br><br>[Removed from Fresno County Superior Court Case No. 16CECG03743]<br><br>[Filed concurrently with Civil Cover Sheet; Declaration of Amir Nassihi; Disclosure Statement; and Proof of Service]<br><br>Complaint filed: November 17, 2016 |

DEFENDANT SANOFI-AVENTIS U.S. LLC'S NOTICE OF REMOVAL

7967552 v2

# TABLE OF CONTENTS

I.  THE REMOVED CASE ................................................................................ 1

II. SANOFI-AVENTIS U.S. LLC HAS SATISFIED THE PROCEDURAL
    REQUIREMENTS FOR REMOVAL ......................................................... 2

III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER
     JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 .................... 3

    A.  Diversity of Citizenship Exists Between Plaintiff and
        sanofi-aventis U.S. LLC, the Only Properly Joined Defendant ............. 3

    B.  The Citizenship of McKesson Does Not Defeat Diversity
        Jurisdiction Because McKesson is Fraudulently Joined ...................... 4

    C.  The Amount-in-Controversy Requirement is Satisfied ........................ 9

IV. CONCLUSION ............................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aronis v. Merck & Co., Inc.*,
   No. S-05-0486, 2005 WL 5518485 (E.D. Cal. May 3, 2005) .............................6

*Ashcroft v. Iqbal*,
   536 U.S. 662 (2009)............................................................................................5

*Badon v. R J R Nabisco, Inc.*,
   224 F.3d 382 (5th Cir. 2000)..............................................................................7

*Bailey v. J.B. Hunt Transp., Inc.*,
   No. 06-240, 2007 WL 764286 (E.D. Pa. Mar. 8, 2007)...................................10

*Banger ex rel. Freeman v. Magnolia Nursing Home, L.P.*,
   234 F. Supp. 2d 633 (S.D. Miss. 2002) ..............................................................7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................5

*Brown v. Allstate Ins.*,
   17 F. Supp. 2d 1134 (S.D. Cal. 1998) ................................................................5

*Camara v. Bayer Corp.*,
   No. C 09-06084 WHA, 2010 WL 902780 (N.D. Cal. Mar. 9, 2010) .................8

*Campbell v. Bridgestone/Firestone, Inc.*,
   No. CIVF051499FVSDLB, 2006 WL 707291 (E.D. Cal. Mar. 17, 2006)........10

*Century Assets Corp. v. Solow*,
   88 F. Supp. 2d 659 (E.D. Tex. 2000) ...............................................................11

*Fields v. Jay Henges Enters., Inc.*,
   No. 06-323-GPM, 2006 WL 1875457 (S.D. Ill. June 30, 2006) ......................11

*Fisher v. Paul Revere Ins. Group*,
   55 Fed. Appx. 412 (9th Cir. 2002) .....................................................................7

*Hunter v. Philip Morris USA*,
   582 F.3d 1039 (9th Cir. 2009).............................................................................6

*In re Fluoroquinolone Prod. Liab. Litig.*,
   No. MDL 15-2642 (JRT), 2016 WL 4154338 (D. Minn. Aug. 5, 2016).............8

*In re Rezulin Prods. Liab. Litig.*,
   133 F. Supp. 2d 272 (S.D.N.Y. 2001) ......................................................6, 7, 10

*In re Rezulin Prods. Liab. Litig.*,
   168 F. Supp. 2d 136 (S.D.N.Y.2001) ................................................................7

*In re Taxotere (Docetaxel) Prod. Liab. Litig.*,
   MDL 2740, 2016 WL 5845996 (J.P.M.L. Oct. 4, 2016).....................................1

*In re Yasmin & YAZ (Drospirenone) Mktg., Sales Practices & Relevant Prods. Liab. Litig.*,
   No. 3:09-md-02100-DRH-PMF, 2010 WL 3937414 (S.D. Ill. Oct. 4, 2010)......6

*Jankins v. Bayer Corp.*,
   No. 3:10-cv-20095-DRH-PMF, MDL No. 2100, 2010 WL 1963202 (S.D. Ill. May 15, 2010) ..........................................................................................6

*Jankins v. Bayer Corp.*,
   No. 3:10-cv-20095-DRH-PMF, MDL No. 2100, 2010 WL 2402926 (S.D. Ill. June 15, 2010) .........................................................................................5

*Johnson v. Parke Davis*,
   114 F. Supp. 2d 522 (S.D. Miss. 2000) .........................................................4, 6

*Jones v. Interstate Recovery Serv.*,
   160 Cal. App. 3d 925 (1984)..............................................................................9

*Lyons v. Am. Tobacco Co.*,
   No. Civ. A. 96-0881-BH-S, 1997 WL 809677 (S.D. Ala. Sept. 30, 1997)..........5

*Maffei v. Allstate California Ins. Co.*,
   412 F. Supp. 2d 1049 (E.D. Cal. 2006) .............................................................4

*Maiden v. N. Am. Stainless*,
   19 Fed. Appx. 485, 2005 WL 3557175 (6th Cir. Dec. 29, 2005).......................7

*McCabe v. General Foods Corp.*,
   811 F.2d 1336 (9th Cir. 1987)............................................................................5

*McCoy v. Gen. Motors Corp.*,
   226 F. Supp. 2d 939 (N.D. Ill. 2002)................................................................10

*Novelli v. Allstate Texas Lloyd's*,
   No. H-11-2690, 2012 WL 949675 (S.D. Tex. Mar. 19, 2012) ........................... 7

*Oshima v. Kia Motors Corp.*,
   No. 11-CV-03349-REB-MEH, 2012 WL 1578397 (D. Colo. May 4, 2012) ...... 7

*Quinn v. Kimble*,
   228 F. Supp. 2d 1036 (E.D. Mo. 2002) ........................................................... 10

*Roe v. Michelin N. Am., Inc.*,
   613 F.3d 1058 (11th Cir. 2010) ................................................................... 9, 11

*Salisbury v. Purdue Pharm. L.P.*,
   166 F. Supp. 2d 546 (E.D. Ky. 2001) ............................................................... 6

*Simmons v. PCR Tech.*,
   209 F. Supp. 2d 1029 (N.D. Cal. 2002) ............................................................ 9

*Singer v. State Farm Mut. Auto. Ins. Co.*,
   116 F.3d 373 (9th Cir. 1997) ............................................................................ 9

*Staples v. Merck & Co., Inc.*,
   270 F. Supp. 2d 833 (N.D. Tex. 2003) .............................................................. 7

*United Computer Sys., Inc. v. AT&T Corp.*,
   298 F.3d 756 (9th Cir. 2002) ............................................................................ 2

*Vu v. Ortho-McNeil Pharma., Inc.*,
   602 F. Supp. 2d 1151 (N.D. Cal. 2009) ............................................................ 4

**STATUTES**

28 U.S.C. § 1332 .................................................................................... 1, 3, 4, 12

28 U.S.C. § 1407 ................................................................................................. 1

28 U.S.C. § 1441 ................................................................................... 1, 2, 3, 12

28 U.S.C. § 1446 ....................................................................................... 1, 2, 12

California Code of Civil Procedure section 425.10(b) ........................................ 9

# NOTICE OF REMOVAL OF CIVIL ACTION

Defendant sanofi-aventis U.S. LLC removes this action from the Fresno County Superior Court to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As set forth in more detail below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because McKesson Corporation ("McKesson") was fraudulently joined as Plaintiff has not shown it has a connection to this case. Moreover, Plaintiff failed to adequately plead a cause of action against McKesson. In support of removal, sanofi-aventis U.S. LLC states as follows:

## I. THE REMOVED CASE

1. Plaintiff filed this civil action on November 17, 2016, in the Fresno County Superior Court, styled *Judy Johnson v. Sanofi S.A., et al.*, Case No. 16CECG03743.

2. This case is one of more than 700 products-liability actions now pending in the federal courts in which plaintiffs allege they have permanent alopecia as a result of using Taxotere®. On October 4, 2016, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") determined that centralization was appropriate for these actions and began transferring Taxotere® cases involving allegations of permanent alopecia to Judge Kurt D. Engelhardt of the United States District Court for the Eastern District of Louisiana for consolidated pretrial proceedings. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2016 WL 5845996 (J.P.M.L. Oct. 4, 2016). The JPML reasoned that "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary." *Id.* at 1.

## II. SANOFI-AVENTIS U.S. LLC HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3. This removal is timely. Sanofi-aventis U.S. LLC files this Notice of Removal within 30 days of January 12, 2017, the date of service of the initial pleading upon sanofi-aventis U.S. LLC.

4. Pursuant to 28 U.S.C. § 1446(a), attached is a copy of all process, pleadings, and orders served upon sanofi-aventis U.S. LLC. *See* Exhibit A.

5. The United States District Court for the Eastern District of California is the proper venue for removal under 28 U.S.C. § 1441(a) because it is "the district and division embracing the place where such action is pending," namely, Fresno County, California.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal has been provided simultaneously to all parties and the clerk of the Fresno County Superior Court.

7. As discussed below, McKesson was fraudulently joined in this case. Therefore, McKesson's consent is not required for removal. 28 U.S.C. § 1446(b)(2)(A) (requiring the consent for removal only of those defendants "who have been properly joined"); *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties.'" (*quoting Emrich v. Touche Ross & Co.*, 84 F.2d 1190, 1193 fn. 1 (9th Cir. 1988)).

8. Likewise, pursuant to 28 U.S.C. § 1446(b)(2)(A), only defendants that have been properly joined and served must join in or consent to the removal of the action. Because Sanofi S.A. and Aventis Pharma S.A. have not been properly served, they are not required to join in or consent to this removal.

III. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. Removal under 28 U.S.C. § 1441(b) is appropriate in this matter since complete diversity of citizenship exists between Plaintiff and all <u>properly joined</u> Defendants. Specifically, the citizenship of McKesson is irrelevant for jurisdictional purposes since that Defendant, as explained below, was fraudulently joined.

   A. <u>Diversity of Citizenship Exists Between Plaintiff and sanofi-aventis U.S. LLC, the Only Properly Joined Defendant</u>

10. This Court has diversity jurisdiction over this matter because there is complete diversity of citizenship between Plaintiff and Defendant sanofi-aventis U.S. LLC.

11. According to the Complaint, Plaintiff Judy Johnson is a resident of California (*see* Compl. ¶ 6).

12. Sanofi-aventis U.S. LLC is now and was at the time Plaintiff commenced this action, a Delaware limited liability company with its principal place of business in New Jersey. *Id.* ¶ 9. Sanofi U.S. Services Inc. is the sole member of sanofi-aventis U.S. LLC. Sanofi U.S. Services Inc. is now and was at the time Plaintiff commenced this action, a Delaware corporation with its principal place of business in New Jersey. Thus, for jurisdictional purposes, sanofi-aventis U.S. LLC is a citizen of Delaware and New Jersey. *See* 28 U.S.C. § 1332(c)(1).

13. Sanofi S.A. is now and was at the time Plaintiff commenced this action, a French corporation, having its principal place of business in France and, thus, for jurisdictional purposes, is a citizen of France. *See* Compl. ¶ 7.

14. Aventis Pharma S.A. is now, and was at the time Plaintiff commenced this action, a French corporation, having its principal place of business in France and, thus, for jurisdictional purposes, is a citizen of France. *See id.* ¶ 8.

B. <u>The Citizenship of McKesson Does Not Defeat Diversity Jurisdiction Because McKesson is Fraudulently Joined</u>

15. McKesson is alleged to be a citizen of California (*see* Compl. ¶ 11). "Although an action may be removed to federal court only where there is complete diversity of citizenship one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal quotations omitted). "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* "When determining whether a defendant is fraudulently joined, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Maffei v. Allstate California Ins. Co.*, 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006). Under the fraudulent joinder doctrine, the citizenship of resident defendant McKesson should be disregarded for purposes of removal pursuant to 28 U.S.C. § 1441(b)(2). *See, e.g.*, *Vu v. Ortho-McNeil Pharma., Inc.*, 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009) (disregarding a resident defendant's citizenship under the fraudulent joinder doctrine reasoning defendant was fraudulently joined because she did not market or distribute the product in question).

16. Fraudulent joinder exists here since there is no showing that McKesson has a connection to this case. *See*, *e.g.*, *Vu*, 602 F. Supp. 2d at 1154–55 (finding that defendant was fraudulently joined in a products-liability action where defendant did not market or sell the product at issue to plaintiffs); *Johnson v. Parke Davis*, 114 F. Supp. 2d 522, 524 (S.D. Miss. 2000) (denying remand where plaintiffs "failed to establish any connection between themselves and the named [in-forum defendants]").

4
DEFENDANT SANOFI-AVENTIS U.S. LLC'S NOTICE OF REMOVAL

7967552 v2

17. The fraudulent joinder of McKesson is obvious based on the insufficient factual allegations of Plaintiff's pleadings—namely the lack of allegations related to McKesson's connection to this Plaintiff. *See*, *e.g.*, *Brown v. Allstate Ins.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] are made"); *Lyons v. Am. Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (upholding fraudulent joinder determination reasoning "[o]n the basis of the complaint alone, the district court could rightly conclude that no cause of action had been stated against [the defendants]"). In order to state a proper claim for relief, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions and threadbare recitals of elements, supported by mere conclusion, simply do not suffice. *Ashcroft v. Iqbal*, 536 U.S. 662, 678 (2009). The Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citation omitted). Rather, Rule 8 "'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented.'" *Id.* at 556 (citation omitted). Thus, pleadings—such as Plaintiff's Complaint here—which fail to set forth factual allegations to support asserted legal conclusions should be dismissed for failure to state a claim. *Twombly*, 550 U.S. at 555; *see also Iqbal*, 536 U.S. at 678–79 ("Rule 8 . . . does not unlock doors of discovery for a plaintiff armed with nothing more than conclusions.").

18. In particular, a non-manufacturer defendant is fraudulently joined where the complaint does not allege that that defendant supplied the actual products

used by the plaintiff. *See*, *e.g.*, *Jankins v. Bayer Corp.*, No. 3:10-cv-20095-DRH-PMF, MDL No. 2100, 2010 WL 2402926, *3 (S.D. Ill. June 15, 2010) (denying reconsideration of order denying remand, explaining that the complaint's allegation "that McKesson was *a* distributor of the subject matter drugs is not the equivalent of alleging that McKesson was *the* distributor that supplied the drugs that allegedly caused Plaintiff's injuries," and that "[a]bsent such an allegation, there can be no causal connection between McKesson and Plaintiff's alleged injuries," which meant that the complaint did "not sufficiently [plead] a claim against McKesson") (emphasis in original); *Jankins v. Bayer Corp.*, No. 3:10-cv-20095-DRH-PMF, MDL No. 2100, 2010 WL 1963202, *4 (S.D. Ill. May 15, 2010) (because plaintiff did "not allege that McKesson distributed the pills that were allegedly the cause of her injury" and that the "failure to plead a causal connection between McKesson and [the plaintiff's] alleged injuries [was] fatal to her claims against McKesson"); *In re Yasmin & YAZ (Drospirenone) Mktg., Sales Practices & Relevant Prods. Liab. Litig.*, No. 3:09-md-02100-DRH-PMF, 2010 WL 3937414, *18 (S.D. Ill. Oct. 4, 2010) ("Absent an allegation that McKesson supplied the subject drugs, the Court has no choice but to find that McKesson has been fraudulently joined."); *Aronis v. Merck & Co., Inc.*, No. S-05-0486, 2005 WL 5518485, *1–*2 (E.D. Cal. May 3, 2005) (denying remand and holding that McKesson was fraudulently joined because plaintiff made "no allegation that McKesson ever handled the specific pills that were allegedly the cause of her injuries"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 291 (S.D.N.Y. 2001) ("[T]he complaint must allege that the defendant pharmacies sold or supplied Rezulin *to plaintiffs*. Without drawing that connection, plaintiffs have no way of showing that the pharmacy defendants' acts proximately caused the alleged injuries." (emphasis in original)); *Salisbury v. Purdue Pharm. L.P.*, 166 F. Supp. 2d 546, 549 (E.D. Ky. 2001) ("plaintiff does not allege that any of the proposed representative plaintiffs themselves (or, for that matter, any members of

the proposed Rule 23 classes) purchased or were otherwise supplied [the medication] by the defendant pharmacies"); *see also Johnson v. Parke Davis*, 114 F. Supp. 2d 522, 524 (S.D. Miss. 2000) (denying remand where plaintiffs "failed to establish any connection between themselves and the named [in-forum defendants]").

19. A plaintiff cannot evade these precedents by referring to "Defendants" generally and lumping the allegations against the defendants together, while making no specific factual allegations about the in-state defendant's activities. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 291 ("holding "plaintiffs improperly joined the pharmacies as defendants" and therefore affirming diversity jurisdiction when "[p]laintiffs there make no allegations specifically against the defendant pharmacies, but instead lump them together with the manufacturers and attribute the acts alleged-failure to warn, breach of warranty, and fraud-to the 'defendants' generally"); *see also Fisher v. Paul Revere Ins. Group*, 55 Fed. Appx. 412, 414 (9th Cir. 2002) (affirming fraudulent joinder ruling reasoning plaintiff "asserted only 'general and conclusory' claims against [defendant]").[1]

---

[1] *See also Maiden v. N. Am. Stainless*, 19 Fed. Appx. 485, 2005 WL 3557175 (6th Cir. Dec. 29, 2005) (finding fraudulent joinder where complaint did not seek relief directly from the fraudulently joined defendant); *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 391–93 (5th Cir. 2000) (affirming finding of fraudulent joinder where plaintiffs' claims simply referred to "defendants" collectively, and where plaintiffs failed to allege any "particular or specific activity" on the part of each of the in-state defendants); *Oshima v. Kia Motors Corp.*, No. 11-CV-03349-REB-MEH, 2012 WL 1578397 (D. Colo. May 4, 2012) (finding fraudulent joinder where there were global references to defendants collectively in the complaint); *Novelli v. Allstate Texas Lloyd's*, No. H-11-2690, 2012 WL 949675, *4–*5 (S.D. Tex. Mar. 19, 2012) (finding fraudulent joinder where identical wrongful acts were collectively alleged against individual and corporate defendants); *Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 844 (N.D. Tex. 2003) (allegation that "Defendants committed actual fraud" insufficient to warrant remand); *Banger ex rel. Freeman v. Magnolia Nursing Home, L.P.*, 234 F. Supp. 2d 633, 638 (S.D. Miss. 2002) ("conclusory and generic allegations of wrongdoing on the part of all Defendants … are not sufficient to show that [defendant] was not fraudulently joined"); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 136, 140 & n.10 (S.D.N.Y. 2001) (remand should be denied where "plaintiffs make no specific allegations against [the defendant] at all, instead [they] attribut[e] wrongdoing to the collective 'defendants'"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 291 (finding fraudulent joinder where plaintiffs "lump" defendants together "and attribute the acts alleged … to the 'defendants' generally").

7
DEFENDANT SANOFI-AVENTIS U.S. LLC'S NOTICE OF REMOVAL
7967552 v2

20.     Here, Plaintiff alleges that "McKesson was in the business of labeling, selling, marketing, packaging, repackaging, and distributing Taxotere, including upon information and belief the Taxotere administered to Plaintiff" (*see* Compl. ¶ 11). Yet, McKesson has not been the exclusive distributor of Taxotere® in California. Moreover, Plaintiff makes no further allegations specific to McKesson. She does not allege *where* she received Taxotere®, *when* she received Taxotere®, *from whom* she received Taxotere®, or any other case-specific facts that allow Defendants to determine whether or not she actually received Taxotere® that was distributed by McKesson.

21.     Sanofi-aventis U.S. LLC sought this information from Plaintiff's counsel, but was not provided it. (*See* Decl. of Amir Nassihi ¶ 2, Ex. 1 [Dec. 1, 2016 letter].) This information should be readily available to Plaintiff's counsel and should have been including in the initial pleading.

22.     In the Fluoroquinolone MDL proceeding in the District of Minnesota, four plaintiffs whose cases were removed to the Northern District of California and then transferred to the MDL sought remand back to California state court, arguing removal was improper because the court lacked diversity jurisdiction. *In re Fluoroquinolone Prod. Liab. Litig.*, No. MDL 15-2642 (JRT), 2016 WL 4154338, at *1 (D. Minn. Aug. 5, 2016). "[I]n the interests of judicial economy and for efficient handling of the MDL," the MDL court deferred ruling on the motion to remand until it was determined whether McKesson actually distributed the particular drugs taken by the plaintiffs. *Id.* at *2. There, like here, plaintiffs' allegations that McKesson distributed their drugs were entirely on "information and belief." *Id.* The MDL court also noted that "the information necessary to determine if McKesson is a proper party to this action should have been provided to Defendants." *Id.*

23.     Plaintiff's additional allegations regarding distribution of Taxotere® are directed at "Defendants" collectively, or just at Sanofi. (*See, e.g.*, Compl. at ¶¶ 1, 2,

8
DEFENDANT SANOFI-AVENTIS U.S. LLC'S NOTICE OF REMOVAL

7967552 v2

4, 6, 80, 84-85, 92). Plaintiff's conclusory allegations against McKesson are not supported by any specific factual allegations. Plaintiff has therefore failed to allege facts giving rise to a plausible claim of causation with respect to McKesson. *Camara v. Bayer Corp.*, No. C 09-06084 WHA, 2010 WL 902780, *3 (N.D. Cal. Mar. 9, 2010) (staying case pending transfer to MDL and declining to decide motion to remand because plaintiffs' complaint failed "to clearly explain the role of McKesson in the injury of these specific plaintiffs"). Therefore, there is no reasonable basis to recover against McKesson in this case. As such, McKesson is fraudulently joined and removal is proper.

      C.      <u>The Amount-in-Controversy Requirement is Satisfied</u>

24.      The Complaint does not expressly state the amount in controversy, as California Code of Civil Procedure section 425.10(b) precludes a plaintiff from stating a specific damage claim in a personal injury action. *See Jones v. Interstate Recovery Serv.*, 160 Cal. App. 3d 925, 928 (1984). Where, as here, a complaint does not allege a specific amount of damages, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount has been satisfied." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (same); *accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (noting that the court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy").

25.      It is facially apparent from the Complaint that the amount in controversy exceeds $75,000. Plaintiff alleges that, as a result of her use of Taxotere®, she "suffered serious and permanent physical and emotional injuries, including permanent hair loss" (*see* Compl. ¶ 2). Plaintiff claims that Defendants caused her "to suffer

serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including but not limited to: past and future medical expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life" (*id.* at ¶ 165).  Courts across the country have routinely held that cases involving serious physical injuries, such as those alleged here, satisfy the amount in controversy requirement.  *See*, *e.g.*, *Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL 707291, *2 (E.D. Cal. Mar. 17, 2006) (amount-in-controversy requirement satisfied where plaintiffs sought compensatory damages for wage loss, hospital and medical expenses, general damage, property damage, and loss of earning capacity, and alleged "severe [injuries]," including head trauma, a broken right arm, a broken wrist and a deep laceration to the lower left leg); *Bailey v. J.B. Hunt Transp., Inc.*, No. 06-240, 2007 WL 764286, *6 (E.D. Pa. Mar. 8, 2007) (amount-in-controversy requirement satisfied where complaint alleged a "litany of serious, permanent injuries," "surgeries and treatments," and "the allegedly permanent impairment of [the] ability to enjoy life's activities"); *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037–38 (E.D. Mo. 2002) (holding it was "facially apparent" that amount in controversy requirement satisfied "[g]iven the allegations in the complaint that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries,"

even though plaintiffs asserted that their total damages did not exceed $75,000); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. at 296 (finding complaint "obviously asserts a claim exceeding $75,000" where plaintiff sought damages for alleged "serious and life-threatening medical conditions" and economic losses due to the use of a prescription medication).

26. Sanofi-aventis U.S. LLC need not confirm through discovery in the State Court Action that the jurisdictional amount is satisfied. Indeed, "a defendant who wishes to remove a case to federal court cannot 'wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court.' It is not the law that 'cases are not removable until there has been an absolute affirmation via discovery . . . that more than $75,000 [is] in issue.'" *Fields v. Jay Henges Enters., Inc.*, No. 06-323-GPM, 2006 WL 1875457, *3 (S.D. Ill. June 30, 2006) (quoting *McCoy*, 226 F. Supp. 2d at 941); *see also Roe*, 613 F.3d at 1064 ("when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate . . . . Otherwise, a defendant could wrongly be denied the removal to which it is entitled."); *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (holding that a complaint "can facially state a claim over the jurisdictional amount when there are *no* numbers in the [complaint] at all," and that removal was untimely where it was apparent from the complaint that an amount sufficient to satisfy the requirements of diversity jurisdiction was in controversy) (emphasis in original) (collecting cases).

## IV. CONCLUSION

In this civil action, there is complete diversity of citizenship between Plaintiff and the only properly joined Defendant, sanofi-aventis U.S. LLC. Sanofi-aventis U.S. LLC is not a citizen of California, and the amount in controversy is satisfied. Thus, this case is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant sanofi-aventis U.S. LLC hereby removes the above-captioned action to the United States District Court for the Eastern District of California.

Dated: February 10, 2017

Respectfully submitted,

SHOOK HARDY & BACON L.L.P.

By: */s/ Amir M. Nassihi*
     Amir M. Nassihi
Attorneys for sanofi-aventis U.S. LLC

12
DEFENDANT SANOFI-AVENTIS U.S. LLC'S NOTICE OF REMOVAL
7967552 v2

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

On February 10, 2017 I served on the interested parties in said action the within:

**NOTICE OF REMOVAL BY DEFENDANT SANOFI-AVENTIS U.S. LLC UNDER 28 U.S.C. §§ 1332, 1441, AND 1446.**

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

☒ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (FAX) I caused such document(s) to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission, a copy of which is attached to the original of this declaration.

☐ (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California.

☐ (BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, to be delivered by their next business day delivery service to the addressee designated.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 10, 2017, at Irvine, California.

_____Heather Keresztes_____        _____(Signature)_____
(Type or print name)

369876 v1

# SERVICE LIST

*Judy Johnson v. Sanofi S.A., et al.*

Karen Barth Menzies
GIBBS LAW GROUP LLP
400 Continental Blvd., 6th Floor
El Segundo, CA 90245

Tel: 510-350-9240
Fax: 510-350-9701
Email: kbm@classlawgroup.com
**Attorneys for Plaintiff**

Eric H. Gibbs
Amy M. Zeman
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612

Tel: 510-350-9700
Fax: 510-350-9701
Email: ehg@classlawgroup.com
Email: amz@classlawgroup.com
**Attorneys for Plaintiffs**

Erin M. Bosman
Julie Y. Park
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, CA 92130-2040

Tel: 858-720-5100
Fax: 858-720-5125
Email: EBosman@mofo.com
**Attorney for Defendant**

369876 v1