UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SANOFI, S.A., et al.,<br><br>    Defendants. | No. 1:17-cv-00196-DAD-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DEFERRING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. Nos. 10, 12) |

This matter came before the court on April 4, 2017, for hearing of defendant's motion to stay pending transfer to multi-district litigation (MDL) 2740 (Doc. No. 10) and plaintiff's motion to remand. (Doc. No. 12.) Attorney Steven Augustine Lopez appeared at the hearing telephonically on behalf of plaintiff. Attorneys Amir M. Nassihi and Erin Bosman appeared at the hearing telephonically on behalf of defendants. For the reasons set forth below, the court will grant defendant's motion to stay and defer ruling on plaintiff's motion for remand.

**BACKGROUND**

Plaintiff, Judy Johnson, is one of several individuals suing defendants Sanofi, S.A., Aventis Pharma S.A., Sanofi-Aventis U.S. LLC ("Sanofi defendants"), and McKesson Corporation ("McKesson"), alleging persistent alopecia from use of Taxotere®. (Doc. No. 12-1

1

at 5.) While the Sanofi defendants maintain citizenship outside of California, defendant McKesson's principal place of business is in San Francisco, California. (*Id.*) On November 17, 2016, plaintiff filed this action in the Fresno County Superior Court. (*Id.*) Defendant Sanofi-Aventis U.S. LLC subsequently removed the case to federal court on February 10, 2017, "asserting subject matter jurisdiction on diversity grounds based on the premise that Defendant McKesson had been fraudulently joined." (*Id.*)

Because similar actions had been filed on behalf of more than 700 plaintiffs, for convenience of the parties and witnesses and ease of litigation, the Judicial Panel on Multidistrict Litigation ("JPML") agreed to "consolidate and transfer these actions to a single court for pretrial purposes" on October 4, 2016. (Doc. No. 10-1 at 2.) The JPML accordingly established Multi-District Litigation ("MDL") 2740, *In re Taxotere (Docetaxel) Products Liability Litigation* before the Honorable Kurt D. Engelhardt of the U.S. District Court for the Eastern District of Louisiana. (*Id.*) Defendant notified the JPML that the instant suit is "another potential 'tag-along' action that should be transferred to MDL." (*Id.*) The JPML issued a Conditional Transfer Order for this action to be transferred to MDL on February 15, 2017. (*Id.*)

Currently before the court is defendant's motion to stay this action pending transfer to MDL 2740. (Doc. Nos. 10, 10-1) Defendant further requests that this court defer ruling on plaintiff's motion to remand "addressing whether the only California defendant, [McKesson], was fraudulently joined, to permit the JPML to decide whether this action is appropriate for transfer to the existing MDL 2740." Plaintiff filed a statement of non-opposition to defendant's motion to stay on March 21, 2017. (Doc. No. 14.) Also before the court is plaintiff's motion to remand filed March 3, 2017. (Doc. No. 12.) In her reply submitted with respect to the motion to remand, plaintiff stated, "[s]hould the Court grant a stay pending transfer to the MDL, it need not decide the instant Motion to Remand." (Doc. No. 15 at 2.) With its motion to stay, defendant has submitted several similar cases as exhibits where federal courts in California have granted such motions to stay pending motions to remand to allow "the JPML to rule on transferring the cases to an MDL." (Doc. No. 10-1 at 3.) Those cases shall guide the court's analysis herein.
/////

**DISCUSSION**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "While a district judge 'should not *automatically* stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation,' '[c]ourts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.'" *Barba v. Janssen Research & Dev. LLC*, 8:15-cv-1548-DOC-JCG, at *2 (C.D. Cal. Oct. 27, 2015) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) and *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)).

When concurrently deciding on a motion to stay and a motion to remand, some courts have adopted the three-part test set forth in *Meyers v. Bayer, AG*, 143 F. Supp. 2d 1044, 1047 (E.D. Wis. 2001) under which:

> (1) courts should give preliminary scrutiny to the merits of the motion to remand; (2) if the jurisdictional issue appears factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may have been transferred to the MDL proceeding; (3) provided the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should proceed to consider the motion to stay.

*Nash v. Janssen Research & Dev. LLC*, 2:15-cv-03868-AB-E (C.D. Cal. June 4, 2015) (citing *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1447 (E.D. Wis. 2001)). However, "[t]he Ninth Circuit has not expressly adopted this approach." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). While considered helpful by some district courts within the Ninth Circuit, the *Meyer* test has otherwise "been questioned because 'preliminary scrutiny' under the first step arguably undermines the streamlining rationale of the MDL system." *Freisthler v. DePuy Orthopaedics, Inc.*, No. CV 11-6580 DSF FFMX, 2011 WL 4469532, at *1 n.1 (C.D. Cal. Sept. 21, 2011) (citing *Nielsen v. Merck & Co.*, No. C07-00076 MJJ, 2007 WL 806510, at *6–7 (N.D. Cal. Mar. 15, 2007)). Indeed, many district court decisions in California have instead "made clear that courts are not bound to preliminarily consider the merits of a

remand motion before considering a motion to stay." *Freitas v. McKesson Corp.*, No. C 11-05967 JW, 2012 WL 161211, at *2 (N.D. Cal. Jan. 10, 2012) (citing *Nichols v. Depuy Orthopedics, Inc.*, No. C 11-04748, 2011 WL 5335619, at *2 (N.D. Cal. Nov. 2, 2011) and *Nielson*, 2007 WL 806510 at *2). These courts have concluded that "[d]eferring to the MDL is most appropriate where the motion 'raises issues likely to arise in other actions pending the MDL transferee court.'" *Freisthler*, 2011 WL 4469532 at *1 ("Often deference to the MDL court for resolution of a motion to remand provides an opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.") (quoting *Conroy*, 325 F. Supp. at 1053)).

Indeed, in a similar case where the basis for defendant's removal was also the alleged fraudulent joinder of McKesson, the court noted that "for efficiency and consistency, that issue *should* be decided by the MDL" given that "this jurisdictional issue will likely be raised in at least every other action involving McKesson at the MDL." *Guinn v. Bristol-Myers Squibb Co.*, No. C 13-01487 WHA, 2013 WL 1964937, at *1 (N.D. Cal. May 10, 2013); *see also Major-Mack v. Organon USA, Inc.*, No. 13-CV-05421-JST, 2014 WL 296935, at *2 (N.D. Cal. Jan. 26, 2014) (holding that, "the MDL is the more appropriate venue to adjudicate the question of McKesson's 'fraudulent joinder,' and to determine whether this action should be remanded."); and *see also Rifenbery v. Organon USA, Inc.*, No. 13-CV-05463-JST, 2014 WL 296955, at *2 (N.D. Cal. Jan. 26, 2014) (holding that, ". . . to avoid duplicative and contradictory rulings on this issue, the MDL is the more appropriate venue to adjudicate the question of McKesson's 'fraudulent joinder,' and to determine whether this action should be remanded."). As such, this court need not address the merits of plaintiff's motion to remand since this issue would more appropriately be decided at the MDL.

Turning to the requested stay, the decision whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255.

The court must weigh several factors, including (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

With respect to the first factor, defendant argues that plaintiff would suffer minimal prejudice if these proceedings were stayed. Here, it is anticipated that the stay would be "relatively short because the JPML has already conditionally ordered a transfer and the process for finalizing the transfer is already underway." (Doc. No. 10-1 at 8.) Additionally, according to defendants, any delay would be outweighed by the benefits of "coordinated discovery and motion practice in the MDL proceeding." (*Id.*) Notably, plaintiff does not oppose the motion to stay or suggest any prejudice stemming therefrom. (Doc. No. 14.)

In highlighting the benefits of a stay, defendant notes the hardships that would result if stay were not granted. Specifically, defendant contends, '[i]f various plaintiffs are allowed to proceed against [defendant] in different forums, [defendant] will be forced to re-argue the same issues and engage in duplicative motion practice and discovery proceedings. This result runs contrary to the purposes of multidistrict litigation and would place a significant burden on defendant.' (Doc. No. 10-1 at 6) (quoting *Pecoraro v. Sanghei-Kim*, No. EDCV1300987 JGB SPX, 2013 WL 12131267, at *3 (C.D. Cal. July 10, 2013).)

Finally, defendant asserts that the granting of the requested stay would promote consistency and judicial economy. Defendant notes there are currently nine cases pending before multiple federal judges in California involving the same defendants, claims, and factual allegations. (*Id.* at 6–7.) Defendant has flagged all nine actions for the JPML. Defendant argues that a stay would allow the JPML to decide whether transfer to the MDL is appropriate so that the MDL can determine "whether McKesson was fraudulently joined consistently across this

5

litigation . . ." to avoid "inconsistent or conflicting rulings over this common issue." (*Id.* at 7.) Thus far, the JPML has transferred at least seven cases originally filed in the Central District of California where stays were stipulated between the parties, as well as five cases from the Northern District of California where in at least two of those cases judges granted stays pending the JPML transfer decision. (*Id.*)

In light of the foregoing, the court finds that a stay is appropriate in the interest of avoiding duplicative litigation and promoting judicial economy.

## CONCLUSION

For the reasons stated above:

1. Defendant's Motion to Stay (Doc. No. 10) is granted;
2. Plaintiff's Motion to Remand (Doc. No. 11) is deferred pending the determination of whether this action will be transferred to MDL 2740.

IT IS SO ORDERED.

Dated: **April 10, 2017**

                                          UNITED STATES DISTRICT JUDGE